IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE MCMONAGLE, : | |
| : | |
| Plaintiffs, : | |
| v. : | No. 06-cv-4451 |
| : | |
| FRANKLIN MILLS ASSOCIATES : | |
| LIMITED PARTNERSHIP, : | |
| : | |
| Defendant. : | |

### MEMORANDUM

Presently pending is Plaintiff's Motion to Remand, and the response thereto. Plaintiff seeks to remand the matter to the Court of Common Pleas for Philadelphia County, arguing that Defendant's removal of the matter was untimely. Because the court concludes that the requirements for diversity jurisdiction were ascertainable on the face of the complaint, Defendant's removal is untimely, and Plaintiff's Motion to Remand will be granted.

### I.  FACTS AND PROCEDURAL BACKGROUND

This is an action for damages relating to injuries Plaintiff suffered when she tripped and fell over a sign on Defendant's premises. Complaint at ¶¶ 4, 5. Plaintiff filed a complaint in the Court of Common Pleas for Philadelphia County on April 13, 2006. Pl.'s Mot. to Remand at ¶ 1. Plaintiff demanded judgment in her favor "in an amount exceeding Fifty Thousand Dollars ($50,000)..." Complaint at pg. 4.

On June 12, 2006, the Court of Common Pleas for Philadelphia County issued an Order establishing a Case Management Conference, which took place on September 7, 2006. Def.'s Mot. in Opp. at ¶¶ 9, 10. At the conference, Plaintiff submitted a Case Management Conference Memorandum, which included a demand for $175,000. Id. at 10. On October 5, 2006, Defendant filed a Notice of Removal in this court. Id. at ¶ 11.

### II.  DISCUSSION

A civil action brought in a State court of which the district courts of the United States

have original jurisdiction may be removed by the defendant to the district court for the district embracing the place where the original action is pending.  28 U.S.C. § 1441(a).  District courts have original jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. § 1332.  A defendant must filed a Notice of Removal within 30 days of receipt of the initial pleading setting forth the basis for relief.  28 U.S.C. § 1446(b).  If it is not ascertainable from the initial pleading that the matter is removable, then Notice must be filed within 30 days of the receipt of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.  Id.  "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

The amount in controversy must generally be decided from a reading of the complaint itself. Angus v. Shiley, Inc., 989 F.2d 142, 145 (3d Cir. 1993).  If a fixed amount is not pled, the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.  Id. at 146.

The complaint alleges that Plaintiff "suffered injuries which are or may be serious or permanent, including, but not limited to, hands, head, fingers, arms, legs, back, neck, feet, severe shock to the nerves and nervous system, and various ills and injuries."  Complaint at ¶ 6.  Plaintiff also alleges that as a result of the accident she "has suffered a severe and permanent loss of earning capacity and may continue to do so for an indefinite time into the future," and that she has "been obligated to receive medical attention and care for her injuries, and ... incur[red] various expenses for said care, and will be obligated to continue to expend such sums and expenditures and may continue to expend such sums for an indefinite time in the future."  Complaint at ¶¶ 11, 12.

The court must ascertain from "a reasonable reading" of the initial pleading if the

statutory amount in controversy has been satisfied. <u>Agnus</u>, 989 F.2d at 146.  A reasonable reading of the complaint in the instant matter demonstrates that the value of the rights being litigated is greater than $ 75,000.  Plaintiff has alleged that she suffered severe and permanent injuries to various parts of her body that have required, and may continue to require, medical care.  She has also alleged that she has suffered a severe loss of earning capacity, which may also extend into the future.  Those facts, coupled with Plaintiff's initial demand for damages "in excess" of $50,000, are sufficient, under a reasonable reading of the complaint, to demonstrate that the value of the rights being litigated is greater than $75,000.  Therefore, the 30 day period for filing a notice of removal began to run on April 13, 2006.  Defendant did not file its Notice of Removal until October 5, 2006, well beyond the 30 day window.  The matter is therefore remanded to the Court of Common Pleas for Philadelphia County.

      An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE MCMONAGLE, | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | No. 06-cv-4451 |
| | : | |
| FRANKLIN MILLS ASSOCIATES | : | |
| LIMITED PARTNERSHIP, | : | |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 8th day of March, 2007, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **GRANTED**.  **IT IS FURTHER ORDERED** that this matter be remanded to the Court of Common Pleas for the County of Philadelphia.

BY THE COURT:

 /S/ CLIFFORD SCOTT GREEN

CLIFFORD SCOTT GREEN, S.J.

4